UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREY CHUMACHENKO,

        Petitioner,

    v.                                    Case No.:  2:26-cv-00344-SPC-NPM

KRISTI NOEM *et al.*,

        Respondents,
_____/

## **OPINION AND ORDER**

Before the Court are petitioner Andrey Chumachenko's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Chumachenko's reply (Doc. 5). For the below reasons, the Court grants the petition.

**A. Background**

Chumachenko was born in the Soviet Union, so he is now considered stateless. On April 17, 1991, he entered the United States with his mother as at the age of twelve as a refugee. His status was adjusted to lawful permanent resident in 1991. On December 16, 2002, Chumachenko was convicted of conspiracy to possess stolen property. After completing his sentence, he was transferred to the custody of the Department of Homeland Security ("DHS"). An immigration judge ordered his removal to Ukraine on December 16, 2004. DHS released Chumachenko under an order of supervision in March 2005,

because it was unable to execute the removal order after the Ukraine consulate declined to issue travel documents.

Immigration and Customs Enforcement ("ICE") arrested Chumachenko at his workplace on January 22, 2026. Chumachenko claims ICE did not provide him any documents to show it revoked his release or give him notice and an opportunity to be heard. On February 23, 2026, ICE served him with a notice of revocation of release and conducted an interview, and Chumachenko agreed to fill out an application for a Ukrainian travel document.

Chumachenko is currently detained at Alligator Alcatraz. He challenges the legality of his detention under the Due Process Clause of the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Immigration and Nationality Act ("INA"), and implementing regulations.

**B. Jurisdiction**

Before addressing the merits of Chumachenko's claim, the Court must address its jurisdiction. The respondents argue a section of the INA strips the Court of jurisdiction over this action. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

Chumachenko does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order.  Rather, Chumachenko challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply.  *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review.").  A decision in Chumachenko's favor would not impair ICE's ability to execute the removal order.  The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents argue Chumachenko's petition is premature because his current detention has not exceeded 180 days. They argue the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Chumachenko has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. DHS made that determination after the Ukrainian consulate declined to issue travel documents in 2005. The burden thus shifts to the respondents. They argue Chumachenko will likely be removed soon because he filled out an application

for Ukrainian travel documents. But the respondents make no attempt to explain why Ukraine is likely to issue travel documents now, after refusing to issue them in 2005.

### D. Conclusion

The Court finds no significant likelihood Chumachenko will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Chumachenko to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680. Chumachenko's procedural challenges to the revocation of his release are moot.

Accordingly, it is hereby

**ORDERED:**

Andrey Chumachenko Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Chumachenko within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on February 27, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record